**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH DUEHRING,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 18-12255

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
JULY 31, 2019 REPORT AND RECOMMENDATION [27]**

Pending before the Court is the Magistrate Judge's July 31, 2019 Report and Recommendation. (ECF No. 27.) The Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the findings of the Commissioner of Social Security. Plaintiff, who is proceeding pro se, raises several objections to the Magistrate Judge's Report and Recommendation. (ECF No. 28.) Defendant did not submit a response to Plaintiff's objections. Notwithstanding, the Court has conducted a *de novo* review of Plaintiff's objections. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **AFFIRMS** the decision of the Commissioner of Social Security.

**I.**     **Standard of Review**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. P. 72(b); 28

1

U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981)).

## II. Analysis

Plaintiff raises twelve specifically enumerated objections and several general objections to the Magistrate Judge's R&R. Plaintiff is not represented by counsel. His objections are handwritten and do not contain citations to caselaw or relevant legal authority. At their core, most of Plaintiff's objections focus on the severe pain he endures on daily basis and ALJ's failure to find that Plaintiff is disabled in light of that pain.

The Court will address each of Plaintiff's specific objections below. However, on the whole, the Court finds that both the Magistrate Judge and the ALJ conducted thorough and extensive reviews of the record and evidence in this case. And while Plaintiff may disagree with their conclusions, his personal disagreement is not grounds for remand. Moreover, and in addition to the reasons set forth below, Plaintiff's objections are overruled because they do nothing more than state a general disagreement with the Magistrate Judge's suggested resolution, summarize issues that have already been

2

presented, or raise arguments that were not in the record before the ALJ or the Magistrate Judge.

## A. Objection 1

In his first objection, Plaintiff notes the Magistrate Judge's recitation of the five-step legal framework for determining whether a claimant is disabled and describes why he believes he satisfies each of the five steps. Plaintiff's objection is overruled. The objected-to excerpt on page four of the R&R sets forth the governing legal authority; it does not contain any analysis of the five-steps as they may relate to Plaintiff's claim. And the Magistrate Judge accurately stated the applicable law.

## B. Objection 2

Plaintiff's second objection fails for similar reasons. In Objection 2, Plaintiff states:

> Page 5: It is said I bear the burden of proving the existence and severity. You have the MRI's showing existence as well as Dr. Rigeraus Report and how am I supposed to show you my pain? I wish you guys could feel it and see it!

Plaintiff is referring to the following excerpt from page five of the R&R:

> "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his or] her impairments and the fact that [he or] she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). A claimant must establish a medically determinable physical or mental impairment (expected to last at least twelve months or result in death) that rendered him or her unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A).

Again, this portion of the R&R sets out the general legal framework applicable to disability determinations. The Magistrate Judge correctly stated the controlling law. Plaintiff's objection is overruled.

## C. Objection 3

In his third objection, Plaintiff states:

3

> Page # 6, I have not done design work since my 20's over 30 years ago. Don't know why you keep bringing that up. Couldn't get a job doing it back then. And your jobs are nationally not local (Flint). There are no jobs here!

This objection is overruled for several reasons. First, page six of the R&R does not contain the Magistrate Judge's own analysis. Rather, page six summarizes the ALJ's findings, and Plaintiff does not claim that the Magistrate Judge incorrectly summarized the ALJ's findings. Second, as the Magistrate Judge states, the ALJ concluded that Plaintiff was not able to perform work as a design technician. Thus, it appears that Plaintiff's objection is actually in agreement with the ALJ's findings. Finally, the ALJ correctly considered the availability of jobs within the national economy. *See Harmon v. Apfel,* 168 F.3d 289, 292 (6th Cir. 1999) ("The Commissioner is not required to show that job opportunities exist within the local area.").

### D. Objection 4

In his fourth objection, Plaintiff states:

> On page 10, say's [sic] I reported that Dr. Rhum had told him not to lift over 20 pounds; the ALJ confirmed with Plaintiff's counsel that nothing in the record indicated that Dr. Rhum had set lifting limitations. Well that's probably because it was Dr. Gary Roome not Dr. Rhum. And you do have it on record, I have it my records!

Plaintiff's objection is without merit. In this portion of the R&R, the Magistrate Judge summarizes the transcript of the August 2012 hearing, which does in fact reference a Dr. Gary "Rhum" with the Hamilton Community Health Network as Plaintiff's primary doctor. The reference to Dr. "Rhum" in the transcript appears to be typographical error by the hearing monitor or court reporter who was probably not provided the proper spelling of Dr. Roome's surname. However, in rendering his decision, the ALJ states that he

4

considered the records from Dr. Gary Roome with the Hamilton Community Health Network, not Dr. Gary Rhum. Furthermore, as the Magistrate Judge notes, the ALJ's RFC limited Plaintiff to occasionally lifting up to twenty pounds, which would be consistent with Dr. Roome's opinion. Therefore any error in the Magistrate Judge's reference to the reference to Dr. Gary Rhum in the August 2012 hearing transcript was harmless.

### E. Objection 5

In his fifth objection, Plaintiff states:

> On Page #11, this is the first time I have heard of missing testimony. And yes it does matter because that's when I had my attorney. I feel like I'm being railroaded!

In this objection, Plaintiff is commenting on the absence of the September 16, 2015 hearing transcript from the record and the Magistrate Judge's finding that the record was sufficient without the transcript. Plaintiff did not argue that this transcript was missing from the record in his initial briefing. The missing transcript issue was raised by the Magistrate Judge on her own initiative.

The Magistrate Judge found that the missing hearing transcript does not require remand because the record contains the ALJ's decision following that hearing, which summarized Plaintiff's testimony at the hearing, as well as Plaintiff's testimony at two other hearings, including the most recent hearing. The Magistrate Judge also found that there is no indication in the briefing that the missing hearing testimony would be significantly different or otherwise impact the outcome of the case. The Court agrees with the Magistrate Judge. Plaintiff's objection is overruled.

**F. Objection 6**

In his sixth objection, Plaintiff comments on the Magistrate Judge's description of the factors the ALJ considers when evaluating the objective evidence of a claimant's alleged pain. Like objections one and two, this is not a valid objection to the Magistrate Judge's R&R. The Magistrate Judge correctly stated the applicable law and governing legal standards. Plaintiff's objection is overruled.

**G. Objections 7, 9, 11, and 12**

In his seventh, ninth, eleventh, and twelfth objections, Plaintiff complains about the Magistrate Judge's description of various facts and issues contained in the record. The Court has reviewed the record and finds that Plaintiff's objections are without merit. The Magistrate Judge adequately and thoroughly summarizes the evidence in the record and the various issues raised by Plaintiff. Plaintiff's objections are overruled.

**H. Objection 8**

In his eighth objection, Plaintiff objects to Dr. Nim's evaluation of Plaintiff's physical limitations. As the Magistrate Judge describes, Dr. Nims found that Plaintiff could lift up to 50 pounds occasionally and up to 20 pounds frequently. Plaintiff states that Dr Nims is a liar, that Dr. Nims did not actually examine Plaintiff, and that Plaintiff is not able to lift 50 pounds. However, Plaintiff provides no support for his claim that Dr. Nims lied or that his opinion should not have been considered by the ALJ at all. In addition, it appears that the ALJ did not give significant weight to Dr. Nims's assessment. In fact, the Magistrate Judge found that "the ALJ's ultimate RFC was more restrictive [than Dr. Nims's assessment] in that it limited Plaintiff to occasionally lifting up to 20 pounds." (ECF No. 27 at 29.) Plaintiff's objection is overruled.

I. Objection 10

In his tenth objection, Plaintiff argues that the assessment of Dr. Quan Nguyen, M.D. should not have been considered by the ALJ because he did not examine Plaintiff in person. Dr. Nguyen is a state agency examiner who prepared a physical RFC assessment of Plaintiff based on Plaintiff's medical records. As the Magistrate Judge found, the ALJ gave significant weight to Dr. Nguyen because his assessment was generally consistent with the medical record, and supported by Plaintiff's impairments of degenerative disc disease, osteoarthritis, carpal tunnel syndrome, sciatica, obstructive sleep apnea, obesity, and hypothyroidism. And under 20 C.F.R. § 416.913a, the ALJ properly considered this evidence. This objection is overruled.

III. Conclusion

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and **AFFIRMS** the decision of the Commissioner.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
Dated: September 18, 2019            United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2019, by electronic and/or ordinary mail.

                                          s/Lisa Bartlett
                                          Case Manager